# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **WILLIAM MERRILL, JR.**<br>1 Empey Ave.<br>Camden, NY 13316 | |
| | **COMPLAINT**<br>**AND JURY DEMAND** |
| **WILLIAM MERRILL, SR.**<br>5513 Kathan Rd.<br>Brewerton, NY 13029 | |
| | Civil Action No.: _6:25-cv-800_ (AMN/TWD) |
| **CORINNA MERRILL**<br>5513 Kathan Rd.<br>Brewerton, NY 13029 | |

**KAYLA MERRILL**
5513 Kathan Rd.
Brewerton, NY 13029

**TYLER MERRILL**
5513 Kathan Rd.
Brewerton, NY 13029

**BRANDON BITTNER**
5513 Kathan Rd.
Brewerton, NY 13029

**MEGAN JUDD**
5513 Kathan Rd.
Brewerton, NY 13029

**SARAH KNIGHT**
5513 Kathan Rd.
Brewerton, NY 13029

**MELISSA LABBE**
223 East Ave.
Syracuse, NY 13224

       Plaintiffs,

v.

**ONONDAGA COUNTY**
c/o Onondaga County Law Department
421 Montgomery St.
Syracuse, NY 13202

**JOHN/JANE DOES 1-6**
407 South State Street
Syracuse, New York 13202

**RYLEE KIRK**
7475 Morgan Rd. Apt. 7
Liverpool, NY 13090

**COURTNEE SAWYER**
339 N Midler Ave.
Syracuse, NY 13206

**JHANASIA MCBRIDE**
617 Hiawatha Blvd E Apt 39
Syracuse, NY 13208

                    Defendants.

Plaintiffs, William Merrill, Jr., William Merrill, Sr., Corinna Merrill, Kayla Merrill, Tyler Merrill, Brandon Bittner, Megan Judd, Sarah Knight, and Melissa Labbe (hereinafter, collectively referred to as "Plaintiffs"), by their attorneys, Rupp Pfalzgraf, LLC, for their complaint against the defendants, County of Onondaga, Onondaga County Sheriff's Office, John and Jane Does 1-6 individually and in their official capacities as employees of the County of Onondaga (hereinafter, collectively referred to as "County Defendants"), Rylee Kirk, Courtnee Sawyer, and Jhanasia McBride allege as follows:

## PRELIMINARY STATEMENT

1.      On September 13, 2024, Plaintiff William Merrill, Jr. was involved in a minor traffic incident with civilians named Courtnee Sawyer and Jhanasia McBride. The incident involved no violence, threats, or physical altercation, as documented by William Merrill,

Jr.'s dashboard camera video footage.  Nevertheless, Defendants Sawyer and McBride filed false police reports, claiming that William Merrill, Jr. had threatened them with a gun, used racial slurs, damaged their vehicle, and engaged in reckless driving—none of which occurred according to the video evidence

2.      What followed was a coordinated campaign of harassment, intimidation, and violations of Plaintiffs' constitutional rights by the County Defendants.  These actions included warrantless searches of multiple Plaintiffs' homes, threatened harassment on a repeated basis, detention at gunpoint, and ultimately the false arrest and imprisonment of William Merrill, Jr. based on fabricated charges that were eventually dismissed after prosecutors viewed the exculpatory dashboard camera footage.

3.      Furthermore, County Defendants retaliated against William Merrill, Jr. after he filed a complaint with the Onondaga County Sheriff's Office Internal Affairs division, including threatening him during his detention.  The false allegations by Defendants Sawyer and McBride were also publicized through news media by Defendant Rylee Kirk, leading to William Merrill, Jr.'s termination from employment and continuing inability to secure comparable new employment.

4.      By way of this action, Plaintiffs seek damages and the vindication of their rights under the United States Constitution and the laws of the State of New York.

**<u>JURISDICTION</u>**

5.      This action is brought under 42 U.S.C. §§ 1983 and 1988, under the Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is conferred

upon this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiffs' constitutional and civil rights.

6. Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state law claims and as against parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

7. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Northern District of New York because the events forming the basis of Plaintiffs' complaint occurred in this District.

## PARTIES

8. At all times hereinafter mentioned, Plaintiff William Merrill, Jr. was and remains a citizen of the State of New York, County of Oneida, residing at 1 Empey Ave., Camden, New York 13316.

9. At all times hereinafter mentioned, Plaintiff William Merrill, Sr. was and remains a citizen of the State of New York, County of Onondaga, residing at 5513 Kathan Rd., Brewerton, New York 13029.

10. At all times hereinafter mentioned, Plaintiff Corinna Merrill was and remains a citizen of the State of New York, County of Onondaga, residing at 5513 Kathan Rd., Brewerton, New York 13029.

11.     At all times hereinafter mentioned, Plaintiff Kayla Merrill was and remains a citizen of the State of New York, County of Onondaga, residing at 5513 Kathan Rd., Brewerton, New York 13029.

12.     At all times hereinafter mentioned, Plaintiff Tyler Merrill was and remains a citizen of the State of New York, County of Onondaga, residing at 5513 Kathan Rd., Brewerton, New York 13029.

13.     At all times hereinafter mentioned, Plaintiff Brandon Bittner was and remains a citizen of the State of New York, County of Onondaga, residing at 5513 Kathan Rd., Brewerton, New York 13029.

14.     At all times hereinafter mentioned, Plaintiff Megan Judd was and remains a citizen of the State of New York, County of Onondaga, residing at 5513 Kathan Rd., Brewerton, New York 13029.

15.     At all times hereinafter mentioned, Plaintiff Sarah Knight was and remains a citizen of the State of New York, County of Onondaga, residing at 5513 Kathan Rd., Brewerton, New York 13029.

16.     At all times hereinafter mentioned, Plaintiff Melissa Labbe was and remains a citizen of the State of New York, County of Onondaga, residing at 223 East Ave., Syracuse, New York 13224.

17.     Defendant County of Onondaga was and is a municipal corporation duly organized and existing under the laws of the State of New York and has a business address at 421 Montgomery Street, Syracuse, New York 13202.

18.     At all times hereinafter mentioned, the County of Onondaga has operated and continues to operate a county sheriff's office.

19.     Defendant County of Onondaga, through its County Executive, County Legislature, and their officers, agents, servants, employees, and/or their specialized units, promulgate, implement, review, and/or enforce, as policymakers, certain policies regarding the conduct and actions of law enforcement officers employed by the County of Onondaga, including the Onondaga County Sheriff's Office.

20.     Defendants JOHN and JANE DOES 1-6 are other officers, supervisors, or employees of the Onondaga County Sheriff's Office whose identities are currently unknown to Plaintiffs but who participated in the constitutional violations alleged herein. They are sued in their individual and official capacities for damages caused by their actions and conduct.

21.     At all times hereinafter mentioned, Defendant Rylee Kirk was and remains a citizen of the State of New York, County of Onondaga, residing at 7475 Morgan Rd. Apt. 7 Liverpool, NY 13090.

22.     At all times hereinafter mentioned, Defendant Courtnee Sawyer was and remains a citizen of the State of New York, County of Onondaga, residing at 339 N Midler Ave. Syracuse, NY 13206.

23.     At all times hereinafter mentioned, Defendant Jhanasia McBride was and remains a citizen of the State of New York, County of Onondaga, residing at 617 Hiawatha Blvd. Apt. 39, Syracuse, NY 13208.

## **FACTUAL BACKGROUND**

*Initial Traffic Incident*

24.     On September 13, 2024, Plaintiff William Merrill, Jr. was driving on N. Midler Ave. in Syracuse, New York.

25.     A motorist, later identified as Defendant Courtnee Sawyer, backed the vehicle she was operating out in front of Plaintiff William Merrill, Jr., causing him to swerve to avoid a collision.

26.     Also riding in the vehicle driven by Ms. Sawyer was Defendant Jhanasia McBride.

27.     At the next traffic light, Ms. Sawyer honked her horn at Plaintiff William Merrill, Jr.

28.     Following the light, Plaintiff William Merrill, Jr. slowed his vehicle, and as Ms. Sawyer's vehicle passed, she yelled obscenities at him.

29.     Plaintiff William Merrill, Jr. subsequently drove around Ms. Sawyer's vehicle and continued on his way.

30.     Ms. Sawyer then began following Plaintiff William Merrill, Jr.'s vehicle for several miles.

31.     At no point during this incident did Plaintiff William Merrill, Jr. drive Ms. Sawyer off the road, drive on the sidewalk, hit her car, brandish a weapon, yell "I'm gonna kill you," or use racial slurs, despite Ms. Sawyer and Ms. McBride later claiming that he had done so.

32.     The entire incident was recorded on Plaintiff William Merrill, Jr.'s dashboard camera, which contradicts the subsequent false allegations made by Ms. Sawyer and Ms. McBride.

*Harassment of William Merrill, Sr. and Corinna Merrill*

33.     Later in the day on September 13, 2024, several officers from the Onondaga County Sheriff's Office, including a K-9 unit, arrived at the home of Plaintiffs William Merrill, Sr. and Corinna Merrill at 5513 Kathan Rd., Brewerton, New York.

34.     The officers questioned an elderly woman at the residence (William Merrill, Jr.'s grandmother) about the whereabouts of someone who "drove a brown vehicle, was 50 years old, and who was bald."

35.     William Merrill, Sr. and Corinna Merrill returned home after being contacted by the grandmother.

36.     Upon William Merrill, Sr. identifying himself as "William Merrill," the officers, mistaking him for his son, pointed firearms at him and ordered him to put his hands up.

37.     William Merrill, Sr. explained the mistaken identity and informed the officers that his son, William Merrill, Jr., did not reside at the residence and had not lived there for years.

38.     The officers then left the residence.


*Internal Affairs Complaint and William Merrill, Jr.'s Arrest Warrant*

39.     On September 19, 2024, William Merrill, Jr. filed a complaint with the Onondaga County Sheriff's Office Internal Affairs division regarding the harassment of his family by deputies.

40.     On September 20, 2024, the day after William Merrill, Jr. filed his Internal Affairs complaint, an arrest warrant was issued for him. Upon information and belief, an application or affidavit in support of the request for an arrest warrant was filed by one or more of

the six officers (JOHN and JANE DOES 1-6) who were present for the search of the residence of William Merrill, Sr. and Corinna Merril on or around September 20, 2024.

41.    The warrant included charges of Criminal Possession of a Weapon in the Third Degree (a felony), Menacing in the Second Degree, Reckless Endangerment in the Second Degree, and Criminal Mischief—all based on the false allegations made by Defendants Courtnee Sawyer and Jhanasia McBride that were submitted by one or more of the six defendant officers (JOHN and JANE DOES 1-6) along with the request for an arrest warrant.

42.    On or around this time, William Merrill, Jr. provided the Onondaga County Sheriff's Office with a copy of the dashboard cameral footage proving his innocence.

_Warrantless Search of William Merrill, Sr. and Corinna Merrill's Home_

43.    On September 20, 2024, at approximately 11:00 a.m., multiple officers from the Onondaga County Sheriff's Office (JOHN and JANE DOES 1-6) arrived at the residence of William Merrill, Sr. and Corinna Merrill.

44.    As documented by video evidence, at least six officers were present at the residence, with at least one carrying an assault-style firearm.

45.    The officers were initially speaking with William Merrill, Sr. at the doorway of the residence when they pushed him aside and entered the home without consent or a search warrant.

46.    Corinna Merrill repeatedly demanded a search warrant from the officer in charge, approximately five to six times.

47.     The officer refused to produce a search warrant, providing various excuses including that they would show it to her after confirming the house was "safe for his officers," and at one point stating, "this isn't the movies, that's not how it works."

48.     The officer told Ms. Merrill if she called her stepson (William Merrill, Jr.), they would leave.

49.     The officer also threatened the family, warning that if they didn't call William Merrill, Jr. and get him over there they would come back every two hours.

50.     During the recorded incident, one officer explicitly stated, "the sooner we get him in custody, the sooner we have to stop bothering you guys."

51.     Another officer stated, "Until we get him we're going to have to keep coming back and checking" and "That won't be the last time you're hearing from us."

52.     The officers showed Kayla Merrill an arrest warrant for William Merrill, Jr., but this arrest warrant did not list the Merrill family home address as a location to be searched.

53.     At no point did the officers produce a valid search warrant for the residence.

54.     During the search, officers entered the bedroom of Plaintiff Kayla Merrill while she was changing her clothes.

55.     Kayla Merrill suffers from anxiety, which was exacerbated by this traumatic experience.

56.     The officers also proceeded upstairs and entered the rooms of the Merrills' upstairs tenants, including the room of Plaintiff Brandon Bittner.

10

57. Brandon Bittner works night shifts and was asleep at the time of the search. He also suffers from epileptic seizures, both facts which were communicated to the officers by Corinna Merrill.

58. As a result of the invasion of his privacy and the stress and sleep deprivation caused by the warrantless search, Brandon Bittner was unable to sleep for the remainder of the day and suffered an epileptic seizure several days later.

*Warrantless Search of Melissa Labbe's Home*

59. Also on September 20, 2024, upon information and belief, officers one or more of the six defendant officers from the Onondaga County Sheriff's Office (JOHN and JANE DOES 1-6) conducted a warrantless search of the residence of Plaintiff Melissa Labbe, the mother of William Merrill, Jr.'s child.

60. During this unauthorized search, upon information and belief, one or more of the six defendant officers (JOHN and JANE DOES 1-6) went through Melissa Labbe's mail.

*Arrest, Detention, and Dismissal of Charges*

61. On September 23, 2024, William Merrill, Jr. turned himself in to the Onondaga County Sheriff's Office and was detained for two days.

62. While in custody, William Merrill, Jr. was interrogated and threatened by a captain from the Sheriff's Office and other officers regarding his Internal Affairs complaint.

63. After reviewing the dashboard camera footage, the District Attorney's Office dropped all charges against William Merrill, Jr., recognizing that there was no factual basis for the allegations.

*False News Articles*

64.      Multiple local news outlets, including Syracuse.com, published stories repeating the false allegations made by Defendants Courtnee Sawyer and Jhanasia McBride and statements provided by the Onondaga County Sheriff's Office, despite William Merrill, Jr. offering to provide them with dashboard camera video footage that contradicted these allegations.

65.      On two separate occasions, first on September 14, 2024, and then on September 20, 2024, William Merrill, Jr. contacted Syracuse.com via email correcting the false allegations being made against him and offering to send the dashboard camera video proving his story.

66.      On September 25, 2024, Defendant Rylee Kirk of Syracuse.com published an article titled "Central NY man threatens to kill women, uses N-word in road rage incident, authorities say," which contained numerous false and defamatory statements about William Merrill, Jr.

67.      On or around September 26, 2024, William Merrill, Jr.'s criminal defense attorney reached out to Defendant Kirk to request a retraction of the September 25th article and provide her with the exculpatory dashboard camera footage.

68.      Even after issuing a correction on September 26, 2024, acknowledging that "no gun was found" despite the earlier claims, the article continued to repeat false allegations that William Merrill, Jr. had threatened to kill the women, used racial slurs, waved a handgun, attempted to run the women's car off the road, threw a water bottle, damaged their vehicle, and sent threatening emails to deputies.

69.     As a direct result of the publication of these false allegations, William

Merrill, Jr. was terminated from his employment as an automation technician at Berry Global,

where he had earned approximately $118,000 in the previous year and was on track to earn

$140,000 in the current year.

70.     William Merrill, Jr. has been struggled to secure comparable new

employment due to the damage to his reputation caused by the false allegations and news stories,

which appear as the top search results when his name is searched online.


## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### VIOLATION OF THE FOURTH AMENDMENT
#### Unreasonable Search and Seizure under 42 U.S.C. § 1983
#### Against Individual County Defendants (JOHN and JANE DOES 1-6)

71.     Plaintiffs incorporate the allegations contained in the foregoing paragraphs

of this complaint as if fully set forth herein.

72.     Defendants, acting under color of state law, deprived Plaintiffs of their

rights, privileges, and immunities secured by the Constitution and laws of the United States,

including their right to be free from unreasonable searches and seizures as guaranteed by the

Fourth Amendment to the United States Constitution.

73.     Defendants entered and searched the residences of William Merrill, Sr.,

Corinna Merrill, Kayla Merrill, Tyler Merrill, Brandon Bittner, Megan Judd, Sarah Knight, and

Melissa Labbe without valid search warrants, consent, or exigent circumstances.

74.     Defendants threatened to continue these unlawful searches "every two

hours" unless William Merrill, Jr. was turned over to them.

75.     Defendants pointed firearms at William Merrill, Sr. without justification, constituting an unreasonable seizure.

76.     Defendants' actions were willful, malicious, oppressive, and reckless, and were of such a nature that punitive damages should be imposed.


**SECOND CAUSE OF ACTION**

**VIOLATION OF THE FOURTH AMENDMENT**
**False Arrest and Imprisonment 42 U.S.C. § 1983**
**Against Individual County Defendants (JOHN and JANE DOES 1-6)**

77.     Plaintiffs incorporate the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

78.     Defendants, acting under color of state law, arrested and detained William Merrill, Jr. in violation of his Fourth Amendment rights.

79.     Defendants based the arrest warrant on knowingly false allegations made by Defendant Courtnee Sawyer.

80.     Defendants knew or should have known that the allegations against William Merrill, Jr. were false, as evidenced by the fact that the charges were promptly dismissed once the dashboard camera footage was reviewed by prosecutors.

81.     Defendants' actions were willful, malicious, oppressive, and reckless, and were of such a nature that punitive damages should be imposed.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE FIRST AMENDMENT**
**First Amendment Retaliation under 42 U.S.C. § 1983**
**Against Individual County Defendants (JOHN and JANE DOES 1-6)**

82.     Plaintiffs incorporate the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

83.     Plaintiff William Merrill, Jr. engaged in constitutionally protected activity when he filed a complaint with the Onondaga County Sheriff's Office Internal Affairs division on September 19, 2024.

84.     Defendants retaliated against William Merrill, Jr. for exercising his First Amendment rights by obtaining an arrest warrant the very next day, September 20, 2024, based on false allegations.

85.     Defendants further retaliated against William Merrill, Jr. by interrogating and threatening him regarding his Internal Affairs complaint while he was in custody.

86.     There is a causal connection between William Merrill, Jr.'s protected activity and the adverse actions taken against him, as evidenced by the timing of the arrest warrant and the explicit threats regarding his complaint while in custody.

87.     Defendants' actions were willful, malicious, oppressive, and reckless, and were of such a nature that punitive damages should be imposed.

## FOURTH CAUSE OF ACTION

### FAILURE TO INTERVENE
### Under 42 U.S.C. § 1983
### Against Individual County Defendants (JOHN and JANE DOES 1-6)

88.     Plaintiffs incorporate the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

89.     Defendants who were present during the warrantless searches of Plaintiffs' residences and the false arrest of William Merrill, Jr. had both the opportunity and duty to intervene to prevent the violation of Plaintiffs' constitutional rights.

90.     These Defendants failed to take reasonable steps to prevent their fellow officers from violating Plaintiffs' constitutional rights, despite having knowledge of the violations and a reasonable opportunity to intervene.

91.     Defendants' failure to intervene caused Plaintiffs to suffer damages, including but not limited to emotional distress, humiliation, loss of liberty, and economic damages.

92.     Defendants' actions were willful, malicious, oppressive, and reckless, and were of such a nature that punitive damages should be imposed.


## FIFTH CAUSE OF ACTION

### MALICIOUS PROSECUTION
### Under 42 U.S.C. § 1983
### Against Individual County Defendants (JOHN and JANE DOES 1-6)

93.     Plaintiffs incorporate the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

16

94.     Defendants JOHN and JANE DOES 1-6, acting under color of state law, initiated and continued criminal proceedings against William Merrill, Jr. without probable cause.

95.     One or more of the Individual Defendant officers (JOHN and JANE DOES 1-6) filed an application or affidavit in support of the request for an arrest warrant against William Merrill, Jr. on or around September 20, 2024.

96.     The criminal charges included Criminal Possession of a Weapon in the Third Degree (a felony), Menacing in the Second Degree, Reckless Endangerment in the Second Degree, and Criminal Mischief.

97.     These charges were based solely on the false allegations made by Defendants Courtnee Sawyer and Jhanasia McBride, which Defendants knew or should have known were false.

98.     Defendants knew or should have known that there was no probable cause to support the criminal charges against William Merrill, Jr., particularly given that:

a.   William Merrill, Jr. had provided dashboard camera footage to the Onondaga County Sheriff's Office proving his innocence on or around September 20, 2024;

b.   The allegations made by Defendants Sawyer and McBride were internally inconsistent and lacked corroborating evidence;

c.   No weapon was found during any of the searches conducted; and

d.   The timing of the arrest warrant, issued the day after William Merrill, Jr. filed his Internal Affairs complaint, demonstrated retaliatory animus rather than legitimate law enforcement purpose.

17

99.     The criminal proceedings terminated in William Merrill, Jr.'s favor when the District Attorney's Office reviewed the dashboard camera footage and dropped all charges, recognizing there was no factual basis for the allegations.

100.     Defendants acted with malice in pursuing the criminal charges, as evidenced by:

    a.  Their knowledge of the exculpatory dashboard camera footage;

    b.  The retaliatory timing of the arrest warrant following William Merrill, Jr.'s Internal Affairs complaint;

    c.  Their threats and intimidation tactics during his detention; and

    d.  Their continuation of harassment against William Merrill, Jr.'s family members.

101.     As a direct and proximate result of Defendants' malicious prosecution, William Merrill, Jr. has suffered:

    a.  False arrest and imprisonment for two days;

    b.  Public humiliation and severe damage to his reputation;

    c.  Termination from his employment at Berry Global;

    d.  Loss of approximately $118,000 in annual income with prospects of earning $140,000;

    e.  Ongoing inability to secure comparable new employment;

    f.  Severe emotional distress, anxiety, and mental anguish; and

    g.  Substantial legal fees and costs in defending against the false charges.

102.     Defendants' actions were willful, malicious, oppressive, and reckless, and were of such a nature that punitive damages should be imposed.

**SIXTH CAUSE OF ACTION**

**MALICIOUS PROSECUTION**
**Under New York State Law**
**Against Courtnee Sawyer and Jhanasia McBride**

103.    Plaintiffs incorporate the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

104.    On or about September 13, 2024, Defendants Courtnee Sawyer and Jhanasia McBride knowingly initiated a criminal proceeding against William Merrill, Jr. by filing false police reports with the Onondaga County Sheriff's Office.

105.    In her report, Defendants Sawyer and McBride falsely claimed that William Merrill, Jr. had:

       a.    Threatened them with a gun;

       b.    Used racial slurs;

       c.    Damaged their vehicle;

       d.    Driven recklessly and attempted to run them off the road;

       e.    Threatened to kill them; and

       f.    Committed other criminal acts.

106.    Based on Defendants Sawyer and McBride's false reports, criminal charges were brought against William Merrill, Jr., including Criminal Possession of a Weapon in the Third Degree (a felony), Menacing in the Second Degree, Reckless Endangerment in the Second Degree, and Criminal Mischief.

107.    These criminal proceedings terminated in William Merrill, Jr.'s favor when the District Attorney's Office reviewed the dashboard camera footage from his vehicle,

which demonstrated the falsity of Defendants Sawyer and McBride's allegations, and dropped all charges against him.

108.    Defendants Sawyer and McBride acted with malice in making these false allegations. This malice is evidenced by:

      a.    The complete fabrication of serious criminal allegations, including the claim that William Merrill, Jr. brandished a weapon when no such act occurred;

      b.    The racial nature of some of the false allegations, specifically claiming that William Merrill, Jr. used racial slurs;

      c.    The fact that Defendants Sawyer and McBride followed William Merrill, Jr.'s vehicle for several miles, demonstrating hostility and a desire to provoke a confrontation; and

      d.    The stark contrast between Defendants Sawyer and McBride's allegations and the objective evidence captured on William Merrill, Jr.'s dashboard camera.

109.    Defendants Sawyer and McBride lacked probable cause to initiate the criminal proceedings, as she knew or should have known that her allegations were false when she made them.

110.    As a direct and proximate result of Defendants Sawyer and McBride's malicious prosecution, William Merrill, Jr. has suffered:

      a.    Arrest and detention for two days;

      b.    Public humiliation and damage to his reputation;

      c.    Termination of his employment;

d. Ongoing inability to secure comparable new employment;

e. Severe emotional distress, anxiety, and mental anguish; and

f. Economic damages including lost wages and income.

111. Defendants Sawyer and McBride's conduct was willful, malicious, oppressive, and reckless, and was of such a nature that punitive damages should be imposed against her in an amount to be determined at trial.

### SEVENTH CAUSE OF ACTION

### DEFAMATION
### Under New York State Law
### Against Rylee Kirk

112. Plaintiffs incorporate the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

113. Following the arrest of William Merrill, Jr., Defendant, Defendant Rylee Kirk made false and defamatory statements about William Merrill, Jr.

114. These false statements included, but were not limited to:

a. That William Merrill, Jr. threatened to kill two women and a child during the traffic incident on September 13, 2024;

b. That William Merrill, Jr. used racial slurs, specifically the "N-word," during the traffic incident;

c. That William Merrill, Jr. displayed a handgun during the incident and waved it out the window of his vehicle;

d. That William Merrill, Jr. attempted to run the women's car off the road;

e. That William Merrill, Jr. threw a water bottle at the women's car;

    f.   That William Merrill, Jr. physically attacked the women's vehicle, punching the mirror and kicking the door, causing damage;

    g.   That William Merrill, Jr. sent threatening emails to the Onondaga County Sheriff's Office claiming he was stalking deputies; and

    h.   That William Merrill, Jr. had threatened or was threatening to harm deputies.

115.    Each of these statements was published to the general public beginning on September 25, 2024, in a Syracuse.com article titled "Central NY man threatens to kill women, uses N-word in road rage incident, authorities say."

116.    The statements were false and defamatory per se, as they accused William Merrill, Jr. of committing criminal acts, making racial slurs, and engaging in threatening behavior that he did not commit.

117.    Defendant knew these statements were false or acted with reckless disregard for their truth or falsity, as evidenced by the fact that:

    a.   Defendant had access to, or should have obtained, the dashboard camera footage from William Merrill, Jr.'s vehicle, which contradicted the allegations;

    b.   The charges against William Merrill, Jr. were dropped by the District Attorney's Office after reviewing the dashboard camera footage, confirming the falsity of the allegations; and

    c.   Defendant continued to allow these false statements to remain publicly available even after the charges were dismissed and a retraction was requested.

118.    As a direct and proximate result of these defamatory statements, William Merrill, Jr. has suffered:

      a.  Termination from his employment at Berry Global, where he earned $118,000 in the previous year and was on track to earn $140,000 in the current year;

      b.  Ongoing inability to secure comparable new employment due to the damage to his reputation;

      c.  Severe damage to his personal and professional reputation;

      d.  Public humiliation and disgrace; and

      e.  Emotional distress, anxiety, and mental anguish.

119.    Defendant's conduct was willful, malicious, oppressive, and/or reckless and was of such a nature that Plaintiff claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## DEMAND FOR JURY TRIAL

120.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of issues so triable.

## PRAYER FOR RELIEF

Plaintiffs, William Merrill, Jr., William Merrill, Sr., Corinna Merrill, Kayla Merrill, Tyler Merrill, Brandon Bittner, Megan Judd, Sarah Knight, and Melissa Labbe pray for relief and demand judgment as follows:

121.    That Plaintiffs be awarded compensatory damages against all Defendants in an amount to be determined at trial;

122.    That Plaintiffs be awarded punitive damages against all individual Defendants in an amount to be determined at trial;

123.    That this Court, pursuant to 42 U.S.C. § 1988, issue an order awarding Plaintiffs reasonable attorneys' fees, together with the costs of this action against Onondaga County, Onondaga County Sheriff's Department and Individual County Defendants;

124.    That this Court award such other further relief, together with any other legal and equitable relief, or both, as the Court deems just and proper.

Dated: June 20, 2025
      Buffalo, New York

           **RUPP PFALZGRAF LLC**
           *Attorneys for Plaintiffs*

           *s/R. Anthony Rupp III*
           R. Anthony Rupp III, Esq.
           1600 Liberty Building
           Buffalo, New York 14202
           (716) 854-3400
           rupp@rupppfalzgraf.com